# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR384 |
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| WILLIE C. GUNTER, | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 144). The government has adopted the PSR. The Defendant has filed a motion for downward departure (Filing No. 145). (Filing No. 141.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

## *PSR*

The Defendant objects to the 2-level enhancement in ¶ 40 of the PSR pursuant to U.S.S.G. § 2D1.1(b)(1). The government bears the burden of proof by a preponderance of the evidence. If the parties need more than 30 minutes for the sentencing hearing, they should immediately contact Edward Champion and reschedule the hearing.

## *Downward Departure*

The Defendant moves for downward departure based on: over representation of criminal history; and the cocaine base amendments to the guidelines that will become effective on November 1, 2007. The plea agreement provides pursuant to Rule 11(c)(1)(B) that the Defendant will not request a downward departure based on certain guidelines

including U.S.S.G. § 5K2.0, and that he "agrees not to seek or suggest a sentence reduction via variance or deviation from the Guidelines." (Filing No. 146, ¶ 7(c).) The Defendant requested a continuance of the sentencing hearing based on the guideline amendments. The Court denied the continuance, stating that the issue would be discussed in the context of a motion for downward departure or deviation. The Court intends to accept the plea agreement with the exception of any portion denying the Defendant leave to address the guideline amendments in the context of a departure or deviation. This issue will be discussed at sentencing. However, the motion for downward departure based on over representation of criminal history will be denied based on the plea agreement.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 144) will be heard at sentencing;

2. The Defendant's motion for downward departure (Filing No. 145) is denied insofar as the Defendant seeks a departure based on over representation based on criminal history, and the portion of the motion regarding the amendments to the sentencing guidelines will be addressed at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the

submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.　　Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6.　　Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

Dated this 20th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge